IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIANNA KILLAM, a Washington resident,

    Plaintiff,

vs.

MRN PROPERTIES, LLC, a Washington corporation,

    Defendant.

NO.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURY DEMAND**

COMES NOW, Plaintiff, Adrianna Killam by and through her attorneys, Conrad A. Reynoldson of Washington Civil & Disability Advocate and Lance Hester of the Hester Law Group, Inc., P.S., and for her Complaint for Declaratory and Injunctive Relief states and alleges as follows:

## I. OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2. A restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3. Nearly 27 years after the passage of the Americans with Disabilities Act, Defendant discriminates against individuals with disabilities because it leases a property to places of public accommodation that does not comply with the ADA's accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings her action to end the Defendant's civil rights violations against persons with mobility disabilities committed by MRN PROPERTIES, LLC which owns the property which Defendant leases to a tenant which is a place of public accommodation.

## II.   PARTIES

5. Plaintiff, Adrianna Killam, is a Washington resident and she resides in this district.

6. Ms. Killam is paraplegic and unable to walk and is thus a a qualified person with a disability.

7. Ms. Killam uses a manual wheelchair and a modified vehicle for transportation and requires accessible parking to patronize the Veraci Pizza at Defendant's property.

8. MRN PROPERTIES, LLC is a Washington corporation.

9. Michael B. Nelson is the Registered Agent for MRN PROPERTIES, LLC.

10. The address for MRN PROPERTIES, LLC's Registered Agent is 2810 Eastlake Avenue East, Seattle, WA 98102.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

### III.    JURISDICTION AND VENUE

11. This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

12. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

13. This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

14. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff' Complaint for Injunctive Relief and Damages occur in this district.

### IV.    FACTUAL ALLEGATIONS

15. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

16. The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

17. Defendant's property is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carrie Becker, Private Enforcement of the Americans with Disabilities

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

18. Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

19. Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

20. Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

21. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

22. Ms. Killam is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 4

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

**Plaintiff**

23. Ms. Killam is a Burien, Washington resident.

24. Ms. Killam is paraplegic and unable to walk and is thus a a qualified person with a disability.

25. Ms. Killam travels throughout Seattle on a regular basis.

26. Ms. Killam last patronized the property in question on May 4, 2017.

27. Ms. Killam plans to return to the property in question once the alleged accessibility barriers are addressed.

**Defendant's Property**

28. Ms. Killam last patronized the Veraci Pizza on Defendant's property located at 500 NW Market St, Seattle, WA 98107 on May 4, 2017.

29. Ms. Killam used her manual wheelchair and modified vehicle, albeit at personal risk due to existing accessibility barriers.

30. Ms. Killam does not feel safe accessing the property as is due to the current accessibility barriers.

31. The barriers Ms. Killam encountered were a complete lack of accessible parking in the parking lot and an unsafe and noncompiant curb ramp up to the entrance.

32. Defendant's property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) or 2010 ADA Standards for Accessible Design (2010 Standards).

33. Ms. Killam requires compliant accessible parking in order to safely patronize the tenant of Defendant's property using her modified vehicle and manual wheelchair.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

34. Ms. Killam requires a compliant curb ramp in order to safely patronize the tenant of Defendant's property using her modified vehicle and manual wheelchair.

35. Ms. Killam's attorney, Conrad Reynoldson of Washington Civil & Disability Advocate, provided pre litigation notice and an opportunity to settle this matter without a lawsuit by a phone call and written correspondence with the property manager, Kristina Sarr, from May 26, 2017 to June 1, 2017.

36. On June 1, 2017 Ms. Sarr emailed Mr. Reynoldson to inform him that the Defendant was unwilling to resolve the matter through a settlement agreement.

37. As of the filing of this complaint no alterations have been made to address the existing accessibility barriers.

38. Defendant's property is not safe for people who use wheelchairs and modified vehicles because it does not comply with the ADA's accessibility laws and regulations.

39. Defendant's property is not welcoming to people who use wheelchairs and modified vehicles because it does not comply with the ADA's accessibility laws and regulations.

40. The failure of MRN PROPERTIES, LLC to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

## V.   FIRST CAUSE OF ACTION

41. Ms. Killam incorporates by reference the allegations in the paragraphs above.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

42. Ms. Killam is paraplegic and unable to walk and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

43. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

44. Defendant, MRN PROPERTIES, LLC, owns or leases the property where the Veraci Pizza tenant is located.

45. Defendant's tenants are places of public accommodation. 42 U.S.C. § 12181(7)(B).

46. Defendant has discriminated against Plaintiff on the basis of her disability.

47. Defendant's discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 7

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

    d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

48. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the restaurants in question in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

49. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. Killam, and the harm continues.

50. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Killam to declaratory and injunctive relief. 42 U.S.C. § 12188.

51. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Killam to recover her reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

\*\*

\*\*

\*\*

\*\*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

## VI.  SECOND CAUSE OF ACTION

**Violation of the Washington Law Against Discrimination**

**(R.C.W. §§ 49.60.010 et seq.)**

52. Plaintiff, Ms. Killam incorporates by reference the allegations in the paragraphs above.

53. Ms. Killam is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

54. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

55. Defendant, MRN PROPERTIES, LLC, leases out the property at 500 NW Market Street, Seattle, WA 98107

56. Defendant has violated and continue to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

57. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages,

facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

58. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Ms. Killam has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

59. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Ms. Killam the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

60. Ms. Killam has a clear legal right to access the tenants of Defendant's property under the Washington Law Against Discrimination.

61. Ms. Killam has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

62. Defendant's property does not comply with the ADA's accessibility laws and regulations.

63. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

64. Pursuant to RCW § 49.60.030(2), Ms. Killam is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 10

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. Killam respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant MRN PROPERTIES, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Killam reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. Killam for violations of her civil rights as allowed under state and federal law; and

\*\*
\*\*
\*\*
\*\*
\*\*
\*\*
\*\*
\*\*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 11

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

6. Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 12th day of July, 2017.

HESTER LAW GROUP, INC., P.S.
Attorneys for Plaintiff

By: _____
Lance M. Hester
WSB# 27813

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

By: _____
Conrad Reynoldson
WSB# 48187

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 12

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157